UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CHAD H. HEISLER,**

    Plaintiff,

  v.                                        Case No. 16-CV-1344

**CONVERGENT HEALTHCARE RECOVERIES, INC.,**
And **JOHN AND JANE DOES Nos. 1-25,**

    Defendants.

---

**DECISION AND ORDER ON PLAINTIFF'S MOTION
FOR RECONSIDERATION**

---

Chad H. Heisler filed a single count complaint against Convergent Healthcare Recoveries, Inc. ("CHRI") alleging that a debt collection letter sent to him violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Heisler filed a motion for class certification and I denied the motion on September 27, 2018. (Docket # 68.)

Presently before me is Heisler's motion for correction of, or relief from, the class certification order, pursuant to Fed. R. Civ. P. 54(b) or 60(b)(1) and 60(b)(6). (Docket # 69.) For the reasons more fully explained below, Heisler's motion for reconsideration is denied.

**ANALYSIS**

*1.    Reconsideration Standard*

Heisler moves for reconsideration of the September 27, 2018 order denying his motion for class certification pursuant to Fed. R. Civ. P. 54(b) or 60(b)(1) and (b)(6). Fed. R. Civ. P. 54(b) allows a court to exercise its inherent authority to reconsider nonfinal orders. *See Civix-DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012) (citing *Moses*

*H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretions of the . . . judge"). A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir.1984)). While "[a] court has the power to revisit prior decisions of its own," courts "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (quoting *Arizona v. California,* 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.,* 916 F. Supp. 793, 795 (N.D.Ill. 1996). A motion seeking relief under Rule 54(b), "as a general rule" should be filed within "thirty days after the entry of the adjudication to which it relates." *King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017) (internal quotation and citation omitted).

Rule 60(b)(1) permits the court to relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." "Mistake" under Rule 60(b)(1) usually involves an inadvertent "misunderstanding of the surrounding facts and circumstances." *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009). A motion under Rule 60(b)(1) must be made with a "reasonable time" and "no more than a year after the entry of the . . . order . . . ." Fed. R. Civ. P. 60(c)(1). Rule 60(b)(6) is a catch-all rule allowing relief from an order for "any other reason that justifies relief." Heisler's motion, filed October 11, 2018, is timely under either rule.

## 2. Reconsideration of Class Certification Order

CHRI argued that Heisler was not an adequate class representative because he was subject to a defense that could not be sustained against other class members, namely judicial estoppel. CHRI argued that on September 26, 2016, Heisler filed for Chapter 7 bankruptcy protection and identified "Convergent Healthcare Recoveries, Inc." as an entity attempting to collect a debt of $250.00 owed to "Elmbrook Memorial." CHRI argued that ten days later, Heisler filed this FDCPA action alleging that he was confused by CHRI's abbreviation of Elmbrook Memorial. CHRI argued that Heisler's bankruptcy was formally discharged.

CHRI argued Heisler should be judicially estopped from pursuing this action because he failed to list this class action as an asset and showed no signs of being confused by CHRI's letter, namely, he was able to identify Elmbrook Memorial as a creditor and CHRI as the entity collecting the account on Elmbrook Memorial's behalf. Heisler was then able to secure a discharge of the debt.

I found that while the parties disputed the application of judicial estoppel, I did not need to determine the validity of the defense at the class certification stage. Rather, my focus was on whether CHRI posited "an arguable defense peculiar to" Heisler which may "bring into question the adequacy of the named plaintiff's representation." *See CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011) ("The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer.") (quotation marks and citation omitted). I found that CHRI had presented at least an "arguable" defense both legally and factually specific to Heisler and his bankruptcy proceedings and therefore concluded that Heisler was an inadequate representative of the class.

Heisler challenges CHRI's arguments that Heisler should be judicially estopped from pursuing this action. Again, CHRI argues for judicial estoppel because: (1) Heisler failed to list this class action as an asset and (2) he showed no signs of being confused by CHRI's letter, namely, he was able to identify Elmbrook Memorial as a creditor and CHRI as the entity collecting the account on Elmbrook Memorial's behalf. As to CHRI's second argument, I agree, as stated in the class certification order, that whether Heisler showed signs of actual confusion is irrelevant to the FDCPA claim because Heisler seeks statutory damages, "a penalty that does not depend on proof that the recipient of the letter was misled." *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997).

However, Heisler's reconsideration motion primarily challenges CHRI's first argument. Heisler argues that standing—not judicial estoppel—is the correct analysis in this case. Heisler argues that because CHRI argues he never disclosed this class action as an asset during his bankruptcy, he cannot be the "real party in interest" because when an action is not disclosed by the debtor, it remains property of the bankruptcy estate even after the case is closed unless it is administered or abandoned by the trustee. (Docket # 70 at 7 citing *In re Arana,* 456 B.R. 161, 170 (Bankr. E.D.N.Y. 2011)). Heisler argues if he did not disclose the asset, then only the trustee, not Heisler, could be the real party in interest. (Docket # 73 at 3.) Heisler reasons that because CHRI concedes that Heisler is a real party in interest, Heisler must have disclosed the asset. (*Id.*)

I disagree with Heisler's analysis. Again, in *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006), at the same time Cannon-Stokes was pursuing an administrative claim under the Rehabilitation Act against the Postal Service, she filed a Chapter 7 bankruptcy petition asserting that she had no assets. *Id.* at 447. The bankruptcy court discharged approximately

4

$98,000.00 in unsecured debts. *Id*. After the bankruptcy was over, Cannon-Stokes filed a federal lawsuit asserting the Rehabilitation Act claim. The Postal Service argued that judicial estoppel foreclosed the action. *Id.* The court noted that if the "estate (through the trustee) abandons the claim, then the creditors no longer have an interest, and with the claim in the debtor's hands the possibility of judicial estoppel comes to the fore." The court found that this "is what has happened here: the trustee abandoned any interest in this litigation, so the creditors are out of the picture and we must decide whether Cannon-Stokes may pursue the claim for her personal benefit." *Id.* The court agreed that judicial estoppel blocked Cannon-Stokes' lawsuit. *Id.* at 449.

Heisler effectively argues that it is impossible for the trustee to abandon an asset when it was never disclosed. Heisler's position is not without support. As he points out, Judge Stadtmueller recently found in *Kitchner v. Fiergola*, No. 18-CV-133-JPS, 2018 WL 4473359, at *1 (E.D. Wis. Sept. 18, 2018) that a claim that was never listed was never abandoned. A district court in the Northern District of Indiana noted the fact that some district courts in this circuit have found that a claim remains with the bankruptcy estate into perpetuity unless affirmatively abandoned by the trustee. *Canen v. U.S. Bank Nat. Ass'n*, 913 F. Supp. 2d 657, 663 (N.D. Ind. 2012) (citing cases). However, citing *Cannon-Stokes*, the *Canen* court found that the closing of the bankruptcy estate is an act that effectively constitutes abandonment, thus invoking the application of judicial estoppel. *Id.* I agree with the *Canen* court's rationale. Again, in *Cannon-Stokes*, the court applied the judicial estoppel doctrine in a case where an asset was not disclosed in a Chapter 7 bankruptcy, but the debts had been discharged and the bankruptcy closed. Thus, as the *Canen* court stated, the "key dividing line that separates when [the doctrines of standing or judicial estoppel] is

5

appropriate," is "the closing of a bankruptcy estate." *Id.* While Heisler may disagree with my interpretation of *Cannon-Stokes*, he has not demonstrated a manifest error of law. Thus, judicial estoppel was the proper doctrine to invoke.

The remainder of Heisler's arguments go to the merits of whether his claim should be foreclosed by judicial estoppel. Again, whether Heisler could win on the merits is not before me at this time. Rather, the fact that CHRI has presented at least an arguable defense to Heisler's claim renders him an inadequate class representative. Nothing Heisler presents in his motion persuades me to reconsider my earlier finding. Thus, Heisler's motion for reconsideration is denied.

## ORDER

N**OW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for reconsideration (Docket # 69) is **DENIED**.

Dated at Milwaukee, Wisconsin this 4th day of December, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge